# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1498
_____

United States of America

*Plaintiff - Appellee*

v.

Tiarra Lenae Jones, also known as Queen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 13, 2026
Filed: August 6, 2026
[Unpublished]
_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

After Tiarra Jones pleaded guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, the district court[1] sentenced her to a 96-month term of imprisonment. Jones appeals.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Jones was indicted along with seventeen co-conspirators on multiple charges related to a stolen check scheme. From December 2021 through July 2024, co-conspirators stole checks from the mail that were made out to various businesses. They then created fictitious business entities with names identical or very similar to the names of the businesses on the checks. Using the fictitious business names, they opened fraudulent bank accounts, where they deposited the stolen checks. The co-conspirators then withdrew or transferred as much of the deposited money as possible before the fraud was detected. In total, the co-conspirators attempted to deposit more than $15 million in stolen business checks at banks across the country, including in Iowa.

Jones pleaded guilty to one count of conspiracy to commit bank fraud, and the government agreed to dismiss the remaining counts filed against her in the indictment. At sentencing, neither party objected to the Guidelines calculation in the Presentence Investigation Report, resulting in an advisory range of 121 to 151 months. Jones requested a sentence below the range, and the government sought a sentence at the top of it. After considering arguments from counsel and Jones's allocution, the district court imposed a 96-month sentence and a 5-year term of supervised release, and ordered Jones to pay $187,962.63 in restitution.

On appeal, Jones challenges her 96-month sentence as substantively unreasonable. We review this challenge for an abuse of discretion. See United States v. Armond, 135 F.4th 626, 628 (8th Cir. 2025) ("A district court abuses its discretion when it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (citation modified)).

Jones contends the district court erred when it gave insufficient weight to, or failed to consider, several important mitigating factors, including her history of trauma, her relationship with an abusive partner, and the impact of her conviction on

her children. She also highlights that she "promptly" pleaded guilty and did not contest the facts that underlay her uncontested Guidelines range.

The record shows the district court considered these factors, and more, when it determined a 96-month sentence was "sufficient, but not greater than necessary," to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). The court identified Jones's childhood trauma as a mitigating factor, noting the trauma was multi-faceted and included sexual abuse, an absent and often-incarcerated father, and witnessing violence and drug activity as a child. The court also acknowledged Jones's abusive relationship and her history of mental health challenges, viewing both as mitigating factors; and it recommended she be designated to a federal prison close to her children to allow for visitation. The court also granted Jones a 3-level reduction in her offense level for acceptance of responsibility, recognizing both her admission of the offense conduct and her timely decision to plead guilty. See USSG § 3E1.1(a)–(b).

However, the district court also found several aggravating factors. The court described the fraud as "incredibly serious," explaining that the "incredibly sophisticated scheme" went on for "an incredibly long period of time," spanned 22 states, and involved 30 affected entities in Iowa alone. And the unobjected-to facts in the PSR established the significant role Jones played in perpetuating the scheme: Jones created the fictitious business entities, instructed others on their roles in the scheme, and exercised decision-making authority within the criminal conspiracy.

The court relied on the mitigating factors to impose a sentence almost two years below the advisory range. But it declined to vary further, stating "any lesser sentence would not accurately or adequately reflect the seriousness of the offense, the scope and scale of this offense, the length of time that it was engaged in, the defendant's role in the fraud, or the amount of loss that was both actual and intended in this case." A district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Dennis, 131 F.4th 913, 917 (8th Cir. 2025),

<u>cert. denied</u>, 146 S. Ct. 275 (2025) (citations omitted). Here, the district court considered numerous relevant sentencing factors, both mitigating and aggravating, and we discern no abuse of discretion in the court's careful weighing of those factors.

The judgment of the district court is affirmed.

_____